IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| (1) SANDRA BATTLE, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | Civil Action No. | CIV-17-24-D |
| v. | ) | | |
| | ) | | |
| (1) METROPOLITAN BETTER LIVING CENTER, INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SANDRA BATTLE, files this action against Defendant, METROPOLITAN BETTER LIVING CENTER, INC., and by way of complaint against Defendant alleges the following:

**I. Nature of Action**

1.1   This jury action seeks redress for Defendant's violation of the laws of the United States in connection with the termination of Plaintiff's employment.  The action specifically seeks to enforce rights created under the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. §12101 *et. seq.,* and the ADA Amendments and Oklahoma's Anti-Discrimination Act, 25 O.S. § 1101 ("OADA").   As redress for Defendant's violation of the ADA and Oklahoma law, Plaintiff prays for and demands declaratory, legal and equitable relief, including back pay, reinstatement or, in the alternative, front pay, punitive or liquidated damages, damages for emotional distress and attorney fees and costs.

1

## II. Jurisdiction and Venue

2.1     Jurisdiction of Plaintiff's ADA claim is invoked pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5.

2.2     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of this Court, and because Defendant resides within the judicial district of this Court.

2.3     At all relevant times, Defendant has continually been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. 12111(5) and Section 101(7) of the ADA, 42 U.S.C. Section 12111(7).

2.4     At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

2.5     This Court has pendent jurisdiction over the state law claim arising under Oklahoma common law as the claim arises under the same set of facts as the federal statutory claims.

2.6     All conditions precedent to Plaintiff's entitlement to relief in this action have been fulfilled and satisfied.  Plaintiff filed a charge of disability discrimination with the U.S. Equal Employment Opportunity Commission against Defendant.  On November 8, 2016 the EEOC issued to Plaintiff a Notice of Right to Sue against Defendant and this suit is instituted within the 90-day deadline contained within the notice.

### III.     Parties

3.1     Plaintiff is a female citizen of the United States and a resident of Oklahoma County, Oklahoma.

3.2     Defendant is a domestic not for profit business registered with the State of Oklahoma.  Process may be served upon its duly authorized agent: Metropolitan Better Living Center, Inc., 702 Northeast 37th Street, Oklahoma City 73105.

### IV.     Background Facts

4.1     On or about May 17, 2015 Defendant hired Plaintiff for the full-time position of Case Manager.  Here, Plaintiff traveled to a patient's home for assessments concerning care and progress.  Thereafter, Plaintiff completed required paperwork for each visit.  At her hire, Plaintiff was one of three case managers.

4.2     Defendant maintained a contractual relationship with the State of Oklahoma whereby Defendant provided human services for a fee.

4.3     Initially, Plaintiff worked out of Defendant's office.  On or about January 2016, Plaintiff, and other Case Managers, moved their offices to their personal residence.

4.4     On or about December 2015 Plaintiff was diagnosed with breast cancer.  As part of her treatment, Plaintiff was scheduled to begin chemotherapy in January 2016.

4.5     Before chemotherapy, Plaintiff met with her supervisor, Jackie Parks, and discussed the adverse physical effect upon Plaintiff during chemotherapy.  Plaintiff requested the assistance of another case manager to perform in home visits during her period of chemotherapy.  Plaintiff would perform the paperwork related to her position at home. The assistance would only be temporary.  As an accommodation, Ms. Parks

advised Plaintiff that Maurice would perform her in home visits during her chemotherapy while she could complete her other duties from home.

4.6     On or about January 13, 2016 Plaintiff underwent the installation of port to receive the medicine. Plaintiff then provided to her supervisor a list of her scheduled chemotherapy sessions.

4.7     Plaintiff did not work the day of her port installation and missed partial days of work during actual chemotherapy sessions.

4.8     After Plaintiff began chemotherapy, Plaintiff did not have the assistance of anyone for the home visit component to her work.  Plaintiff attempted to perform her home visits during and after chemotherapy.

4.9     On or about May 23, 2016 Plaintiff underwent double mastectomy. Thereafter, Plaintiff underwent a regimen of radiation sessions.  Plaintiff missed one day of work for the surgery and, thereafter, partial days when attending radiation sessions.

4.10    Defendant eventually reduced Plaintiff's workload and Plaintiff performed the best she should could between radiation sessions given her physical condition.

4.11    At a meeting on August 31, 2016 with her supervisor, Plaintiff was handed a letter dated August 30, 2016 accusing her of documentation deficiency to be corrected by Plaintiff the "close of business August 31, 2016".

4.12    During this meeting, Ms. Parks terminated Plaintiff's employment. She attributed her termination decision upon exaggerated and stereotypical concerns that Plaintiff could not work and treat cancer at the same without harming her health and to protect the company.   She further promised reinstatement once Plaintiff "gets well" and

terminated her so that she could "fight one thing at a time".   Ms. Parks never allowed Plaintiff the time to correct perceived documentation deficiencies as referenced in the letter.

    4.13   Other Case Managers have been delinquent with documentation to files and were not disciplined or terminated.

    4.14   At her termination, Plaintiff had approximately 4 radiation treatments left, the last radiation treatment in early September 2016.

## COUNT I:  ADA and OADA

    6.1   Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 4. 14 of this Original Complaint.

    6.2   Plaintiff had a "disability" within the meaning of 42 U.S.C. § 12102.(2)(A) and/or Plaintiff was "regarded as having such an impairment" by Defendant within the meaning of 42 U.S.C. § 12102.(2)(C) and/or Plaintiff has a "record of such an impairment" within the meaning of (2)(B).

    6.3   Defendant willfully, knowingly, and intentionally discriminated against Plaintiff on the basis of a disability in the terms or conditions of her employment, and/or otherwise failed to reasonably accommodate Plaintiff's disability, by (1) failing to provide temporary assistance and/or reduced workload; (2) failing to allow Plaintiff opportunity to cure perceived deficiencies before termination, as offered in letter; (3) terminating Plaintiff's employment based upon stereotypes or exaggerated fears concerning treatment and recovery from cancer while working and liability to the company for working during cancer treatment and/or recovery.  By engaging in such conduct, Defendant violated §

12112(a) and the OADA, which makes it an unlawful employment practice for an employer to discriminate against any person with respect to hiring, discharge and other terms, conditions, and privileges of employment because of a disability or being regarded as disabled.

6.4     As a direct and proximate result of Defendant's violation of the ADA and OADA, Plaintiff has been damaged by the loss of her employment with Defendant and the loss of compensation, including salary and employee benefits, she would have received as an employee of Defendant had she not been discharged in violation of the ADA and OADA.

6.5     As a direct and proximate result of Defendant's actions as alleged under this Count, Plaintiff has suffered nonpecuniary losses, including emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

6.6     Defendant engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff within the meaning of 42 U.S.C. § 1981a.

6.7     As a direct and proximate cause of the violations of the ADA and OADA as alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

**Prayer for Relief**

WHEREFORE, PLAINTIFF prays that this Court:

1.     A judgment that Defendant has engaged in all of the conduct alleged in this Original Complaint, and that Defendant has, by engaging in such conduct, violated the ADA and OADA.

2. An injunction permanently enjoining Defendant from engaging in the future the discriminatory employment practices alleged in this Original Complaint.

3. A judgment against Defendant awarding Plaintiff an amount equal to the lost wages and employment benefits she would have received had she not been terminated by Defendant in violation of the ADA and OADA.

4. An order reinstating Plaintiff to the position, seniority and level of compensation, including salary, bonuses and benefits, she would have enjoyed had she not been terminated by Defendant in violation of the ADA and OADA, or, in the alternative, a judgment awarding Plaintiff an amount equal to the front pay, including salary, bonuses and benefits, she would have received, from the date of judgment through the date she would have retired or resigned from employment at Defendant.

5. A judgment against Defendant awarding Plaintiff compensatory damages as redress for Defendant's unlawful conduct under the ADA and OADA.

6. A judgment against Defendant awarding Plaintiff exemplary damages to punish and make an example of Defendant for their unlawful conduct.

7. A judgment against Defendant awarding Plaintiff compensation for past and future nonpecuniary losses, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

8. Enter an equivalent money judgment awarding Plaintiff liquidated damages, as provided in the OADA;

9. A judgment against Defendant awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee.

10. A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

Respectfully submitted,

S/Jeff Taylor
Jeff A. Taylor
State Bar No. 17210
The Offices at Deep Fork Creek
5613 N. Classen Blvd.
Oklahoma City, OK  73118
Telephone:   (405) 286-1600
Facsimile:    (405) 842-6132

ATTORNEYS FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all of his claims in this action.

s/ Jeff A. Taylor
Jeff A. Taylor